IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHEAL E. MAYS,

Defendant.                                             No. 13-30155-DRH

### ORDER

**HERNDON, District Judge:**

Pending before the Court is Mays' emergency motion to amend sentence (Doc. 85). Specifically, Mays moves the Court to amend the final two months of his 120 days sentence to home confinement.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based in evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or the finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255 which

1

has a 1 year statute of limitations.

Here, Mays does not cite any case law or statute that would allow the Court to consider his motion. Rule 35 is inapplicable because this motion is brought over two months *after* the sentencing (September 18, 2014) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Mays could bring this motion is a § 2255 collateral attack. Based on the pleadings, the Court does not believe that Mays' intended to file a motion under § 2255. In the event that Mays wishes to file a § 2255 motion, he should consult the Local Rules and the Federal Rules Governing Habeas Corpus Actions to learn how to properly file such a motion.

Accordingly, the Court dismisses for want of jurisdiction Mays' emergency motion to amend sentence (Doc. 85).

IT IS SO ORDERED.

Signed this 9th day of December, 2014.

David R. Herndon
2014.12.09
09:48:32 -06'00'

**United States District Court**

2